**SO ORDERED.**

**SIGNED this 17th day of January, 2012.**



Dale L. Somers
United States Bankruptcy Judge

___

For on-line use but not for print publication.
# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **BROOKE CORPORATION, et al.,** <br><br> Debtors. | CASE NO. 08-22786 <br> (jointly administered) <br> CHAPTER 7 |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., <br><br> Plaintiff, <br><br> v. <br><br> **FIRST CENTRAL BANK, et al.,** <br><br> Defendants. | ADV. NO. 10-6241 |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT GREAT AMERICAN BANK'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In this adversary proceeding, the Chapter 7 Trustee for Debtors Brooke

Corporation, Brooke Capital Corporation ("Brooke Capital"), and Brooke Investments (collectively "Brooke") seeks to recover allegedly fraudulent transfers and preferential transfers made by Brooke Capital from defendants who received such transfers as holders of participation interests in loans made by Aleritas (a non-debtor Brooke-related entity) to various insurance borrowers/franchisees. Defendant Great American Bank ("GAB") moves for dismissal or summary judgment[1] based upon the allegation that it is not the former or current owner of the participation interests. For the reasons discussed below, the Court denies GAB's Motion.

**GAB'S MOTION**.

GAB's Motion is presented under Federal Rule of Bankruptcy Procedure 7012, which incorporates Federal Rule of Civil Procedure 12.[2] GAB moves for dismissal under subsections 12(b)(2) (lack of personal jurisdiction), (b)(6) (failure to state a claim upon which relief can be granted), and (b)(7) (failure to join a party under Rule 19). In the alternative, GAB asserts that it is entitled to summary judgment under Federal Rule of Bankruptcy Procedure 7056, which incorporates Rule 56.

All of these bases for dismissal rely upon one contention — that because of a sale of GAB's common stock and related asset transfers, GAB never owned a participation interest in the loans for which the payments in issue were made, and therefore has no

---

[1] Dkt. 71.

[2] A particular rule of the Federal Rules of Civil Procedure will be referred to hereafter as Rule ___.

liability to the Trustee. GAB refers to itself before the stock sale as "Old GAB" and to itself after the sale as "New GAB." In response, the Trustee asserts that despite these transactions, GAB is the proper party from whom to seek recovery of the transfers.

**THE TRUSTEE'S CLAIMS.**

The Complaint is against approximately 15 banks, including GAB.[3] In the Complaint, the Trustee alleges as follows. Under the Brooke business model, the cost of acquisition of Brooke-related insurance agencies by insurance agents and franchisees was financed by Aleritas, a non-debtor Brooke-related entity. Aleritas then sold participation interests in these loans to third parties, including GAB. Participation payments were to be made to the purchasers of the interests by the borrowers/franchisees of the original loans. But "because these particular Borrowers/Franchisees had significant financial challenges, they did not generate sufficient commissions to pay the participating lenders."[4] And, "[a]s a result, Brooke Capital subsidized those participation payments . . . with its own funds."[5]

The Trustee seeks to recover these payments made to GAB by Debtor Brooke Capital under theories of constructive fraudulent conveyances, preferential transfers, disallowance of proofs of claim, and quantum meruit or unjust enrichment.

---

[3] The Complaint actually names De Soto State Bank, formerly known as Great American Bank, but GAB bases no argument on this detail.

[4] Dkt. 67 at 3, ¶ 5; Dkt. 72 at 3, ¶ 5.

[5] Dkt. 67 at 3, ¶ 6; Dkt. 72 at 3, ¶ 6.

3

GAB seeks dismissal of the Complaint on the basis that because of corporate restructuring of GAB in 2008, particularly the sale of the stock of GAB and the sale of the participation interests, it has no liability to the Trustee.

**FACTS WHICH ARE UNCONTROVERTED FOR PURPOSES OF THE MOTION .**

At relevant times prior to June 28, 2008, GAB had its principal office in De Soto, Kansas, and a branch office in Claycomo, Missouri. All of the common stock of GAB was owned by Enterprise Financial Services Corporation.

On September 26, 2006, Aleritas sold to GAB participation interests in Loan Numbers 3884, 4993, 5142, and 5423. In connection with these participation interests, beginning on October 15, 2006, and ending on July 15, 2007, GAB received monthly transfers.[6] The participation interests sold to GAB in 2006 were repurchased by Aleritas and closed out on or about July 20, 2007. On April 30, 2008, Aleritas sold to GAB participation interests in Loan Numbers 5453, 5460, 5465, and 5493. GAB received monthly transfers in connection with these participation interests beginning on May 15, 2008, and ending on October 15, 2008, shortly before Brooke Corporation filed for relief under Chapter 11 on October 28, 2008.

---

[6] These payments are evidenced by a schedule provided by the Trustee to GAB and attached as Exhibit A to GAB's memorandum in support of its Motion. Although neither party includes facts concerning the dates of the payments in their statement of facts, the payment dates are referenced in the Trustee's arguments. Dkt. 67 at 10. To the extent that these payments are referenced in the factual statement presented by the Trustee, GAB does not controvert the fact of the transfers, but responds that the transfers are irrelevant. The Court disagrees, since it is these payments which the Trustee seeks to recover.

In a Purchase Agreement dated February 5, 2008 ("Stock Purchase Agreement"), First Financial Bancshares, Inc., agreed to purchase the stock of GAB from Enterprise Financial Services Corporation. The closing of the stock sale was conditioned upon the performance of a Branch Purchase and Assumption Agreement ("Branch Purchase Agreement") between GAB and Enterprise Bank & Trust ("Enterprise Bank"), whereby Enterprise Bank purchased the Claycomo branch office and certain Claycomo-related assets, including the participation interests purchased from Aleritas on April 30, 2008. The Branch Purchase Agreement, in section 1.02(d), expressly provides that Enterprise Bank shall not assume any liabilities of seller GAB other than those expressly assumed in the agreement. The assumed liabilities do not include those associated with the participation interests. The documentation regarding the participation interests is in the possession of Enterprise Bank. But the participation certificates do not refer to Enterprise Bank. And those certificates provide that the purchaser (GAB) may not sell, pledge, assign, subparticipate, or otherwise transfer its interest without the prior written consent of the seller.

The Branch Purchase Agreement closed, and on June 26, 2008, in accord with the Stock Purchase Agreement, First Financial Bancshares became the owner of all of the stock of GAB. The business entity records of the Kansas Secretary of State dated September 15, 2011, for GAB show that GAB was formed in 1901 and had previously been named De Soto State Bank.

**ANALYSIS AND CONCLUSIONS OF LAW.**

### A. GAB'S MOTION IS PREDICATED ON AN ERRONEOUS INTERPRETATION OF THE EFFECT OF THE SALE OF THE GAB STOCK.

GAB's memorandum in support of its Motion refers to GAB before the June 26, 2008, closing of the stock sale as "Old GAB" and after such date as "New GAB." The implication is that the two banks are materially different. But this is not correct. The owner of GAB's stock changed, not the entity itself. GAB was chartered in 1901, not 2008. After the stock transfer, GAB operated under the same charter as before the transfer. Except for the assets of GAB acquired by Enterprise Bank and the liabilities expressly assumed by Enterprise Bank, the assets and liabilities of "New GAB" are the same as those of "Old GAB" prior to the closing of the sale to First Financial Bancshares. "A transfer of all of a company's stock automatically transfers ownership of all of the company's underlying assets and liabilities."[7]

### B. GAB IS NOT ENTITLED TO DISMISSAL UNDER RULE 12(b)(2).

Rule 12(b)(2) provides that the defense of lack of personal jurisdiction may be presented by motion. GAB moves to dismiss on this basis, arguing that this Court lacks personal jurisdiction over "New GAB" because "New GAB" is not the former or current owner of the participation interests.

GAB's argument that the Court lacks of jurisdiction because of the change of ownership of GAB common stock and the transfer of assets is flawed. As examined

---

[7] 12 William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corps.*, § 5463 (current through Sept. 2011) available at Westlaw in database called FLETCHER-CYC.

above, there is no legal distinction between "Old GAB" and "New GAB."  The contention, if true, that Enterprise Bank purchased the participation interests as of June 26, 2008, is not relevant to personal jurisdiction over GAB.  Personal jurisdiction relates to the Court's power and authority to issue orders and rulings affecting the person, not to whether the person has liability to the plaintiff or holds the property which gave rise to the lawsuit.

The Court has jurisdiction over Defendant GAB.  A review of the docket shows that GAB was served by service on De Soto Bank, formerly known as Great American Bank, by service via regular and certified mail addressed to De Soto Bank fka Great American Bank, L. Travis Hicks, 33050 West 83rd Street, De Soto, KS, and to De Soto State Bank fka Great American Bank, 445 E. Hwy. 69, Kansas City, Mo.  There is no contention by GAB that this service was ineffective in any way.[8]

### C.  GAB IS NOT ENTITLED TO DISMISSAL UNDER RULE 12(b)(7).

Rule 12(b)(7) allows for dismissal for failure to join a necessary party.  It is applicable when "there is an absent person without whom complete relief cannot be granted or whose interest in the dispute is such that to proceed in that person's absence might prejudice that individual or entity or parties already before the court."[9]

GAB contends that the interests of Enterprise Bank, as "the former and present

---

[8] The Court notes GAB was actually formerly known as De Soto State Bank, not vice versa. However, GAB has not complained about this discrepancy.

[9] 5C Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil*, § 1359 at 64 (3d ed. 2004).

7

Case 10-06241    Doc# 90    Filed 01/17/12    Page 7 of 11

owner" of the participation interests purchased by GAB in 2008, "will be impaired in its absence from this case." The Court disagrees. The Trustee is not seeking a judgment regarding the ownership of the participation interests. The Trustee is seeking recovery of payments made with respect to the participation agreements using Brooke Capital assets.

**D. GAB IS NOT ENTITLED TO DISMISSAL UNDER RULE 12(b)(6), OR SUMMARY JUDGMENT UNDER RULE 56.**

Rule 12(b)(6) provides for dismissal when a complaint fails "to state a claim upon which relief can be granted." In ruling on a motion to dismiss under Rule 12(b)(6), the Court must assume as true all factual allegations of the complaint, and those factual allegations must be enough to raise a right to relief above the speculative level.[10] Generally, except in limited circumstances, "the sufficiency of a complaint must rest on its contents alone,"[11] and when a court considers material outside the complaint, it should treat a motion to dismiss as a motion for summary judgment.[12] Under the summary judgment standard, the motion should only be granted where, taking the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[13] In this case, many of the facts relied upon by GAB are outside the pleadings, so the Court will treat the motion as one

---

[10] *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).

[11] *Id.* at 1186.

[12] *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005).

[13] Fed. R. Civ. P. 56.

8

for summary judgment.

GAB's arguments in support of dismissal under Rule 12(b)(6) and for summary judgment are both predicated upon the same erroneous proposition — that New GAB has never had an interest in the participation loans and has not received any of the transfers alleged in the Complaint.[14] This argument wrongly assumes that New GAB is different from Old GAB. As discussed above, there is no such distinction.

Contrary to GAB's arguments, it is uncontroverted that GAB purchased two sets of participation certificates. It owned those purchased in 2006 until they were retired on July 20, 2007. GAB purchased a second set of participation interests on April 30, 2008. It is uncontroverted for purposes of the Motion that GAB received payments with respect to both sets of participation interests.

Since the Trustee is seeking to recover the payments received by GAB, the ownership of the participation interests is not central to this litigation.[15] However, since GAB predicates much of its argument upon the alleged transfer of ownership, the Court pauses to discuss the controversy about ownership, which would preclude summary judgment in favor of GAB if the defense were applicable. GAB and the Trustee disagree about whether GAB owns the participation interests purchased in 2008. As a result of the

---

[14] Dkt. 66 at 8, 9.

[15] *See Northern Capital, Inc., v. Stockton Nat'l Bank (In re Brooke Corp.)*, 2011 WL 6749070 (Bankr. D. Kan. Dec. 19, 2011) (holding that, assuming the Trustee could avoid transfers to holders of participation interests as preferential, the holder of a certificate of participation who did not receive the payments and acquired the certificate after the allegedly preferential payments were made has no liability to the Trustee under 11 U.S.C. §550(a)(1)).

9

Branch Purchase Agreement, GAB contends that Enterprise Bank is the current owner of the participation interests. But the Trustee controverts this position, relying on the facts that the participation certificates show GAB as the owner and that Enterprise Bank is not mentioned in any of the certificates. The Court also notes the participation certificates provide that the purchaser (GAB) may not sell, pledge, assign, subparticipate, or otherwise transfer its interest without the prior written consent of the seller. There is no evidence of such consent. The Trustee contends that the evidence relied upon by GAB establishes only that Enterprise Bank is in possession of the documentation relating to the participation interests.

The Court rejects GAB's implicit position that as a matter of corporate law, Enterprise Bank, rather than GAB, has liability for the transfers. Except for the assets of GAB acquired and the liabilities of GAB expressly assumed by Enterprise Bank under the Branch Purchase Agreement, the assets and liabilities of GAB after the stock sale and the branch sale are the same as those of GAB immediately prior to the closing of the transactions. As previously stated, "[a] transfer of all of a company's stock automatically transfers ownership of all of the company's underlying assets and liabilities."[16] The Branch Purchase Agreement provides that Enterprise Bank assumed liabilities for deposits, certain contracts, a penalty under a data processing agreement, and certain retirement accounts. All other liabilities of the seller (GAB), "whether known or

---

[16] 12 *Fletcher Cyclopedia of the Law of Corps.* at § 5463.

unknown, disclosed or undisclosed, contingent or otherwise, which have arisen or may arise or be established in connection" with the operation of the Claycomo branch of GAB prior to closing were expressly not assumed by Enterprise Bank. Enterprise Bank did not agree to be liable for GAB's obligations arising from its acquisition of the participation interests.

GAB summarizes it Motion under Rules 12(b)(6) and 56 by stating it "relates to whether New GAB owns the Participation Loans that are the subject of this Adversary Proceeding."[17] The short response is that the allegations of the Complaint relate to recovery of payments made to purchasers of participation certificates. Dismissal cannot be based upon the question of ownership. The Motion for summary judgment is denied.

**CONCLUSION.**

GAB's Motion to dismiss or for summary judgment is denied. The Court has jurisdiction over GAB, the Complaint is not subject to dismissal for failure to join Enterprise Bank, and GAB is not entitled to summary judgment. GAB's theories of dismissal are flawed. Even if the theories were correct, factual controversies concerning the attempted transfer of the ownership of the participation interests to Enterprise Bank would preclude summary judgment.

**IT IS SO ORDERED.**

# # #

---

[17] Dkt. 72 at 3.